Laura FELLOWS, Plaintiff-Appellant,

v.

UNIVERSAL RESTAURANTS, INC.,
Defendant-Appellee.

No. 82–1125.

United States Court of Appeals,
Fifth Circuit.

March 28, 1983.

Steven B. Thorpe, Law Offices of James C. Barber, Dallas, Tex., for plaintiff-appellant.

Warren Bo Duplinsky, Kenneth J. Burchfiel, Attys., EEOC, Washington, D.C., for amicus curiae E.E.O.C.

Michael V. Abcarian, Dallas, Tex., for defendant-appellee.

Daniel R. Levinson, Douglas S. McDowell, Robert E. Williams, Washington, D.C., for amicus curiae Equal Employment Advisory Council.

Before WISDOM, RUBIN and TATE, Circuit Judges.

TATE, Circuit Judge:

Pursuant to 28 U.S.C. § 1292(b) certification, the plaintiff Ms. Fellows appeals from an interlocutory order dismissing the class

action allegations of her suit against the defendant, her former employer ("Universal"). Her complaint is founded upon employment discrimination against her and other females in violation of Title VII ("Equal Employment Opportunities") of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court held that it did not have jurisdiction over the class allegations of Ms. Fellows' complaint because she did not specifically state them in her initial charge of employment discrimination filed with the Equal Employment Opportunity Commission ("the EEOC"), nor had the Commission's administrative investigation included them within its scope. We reverse, finding that a dismissal for lack of jurisdiction is inappropriate because a nonfrivolous federal question was presented that requires the exercise of jurisdiction by the district court, and because the initial charges of discrimination before the EEOC were sufficiently like or related to those asserted by the class action as to support a Title VII cause of action for the class.

*The Factual Context*

Ms. Fellows, after applying for a position with Universal Restaurants as a waiter or captain, was hired by the restaurant as a wine steward. Shortly thereafter, she was discharged from that position. Without counsel, she filed a charge with the EEOC as is provided for under Title VII, 42 U.S.C. § 2000e–5(b), alleging that she had been discriminated against on the basis of sex in her hiring, pay, and discharge.[1] The charge was filed within the delay provided by the statute, *id.,* 2000e–5(e), a prerequisite for subsequent administrative or judicial action.

Pursuant to the Act, 42 U.S.C. § 2000e–5(b), the EEOC instituted an investigation of her charge and began attempts at conciliation between the parties. This investigation included requests for information from Universal relating to Ms. Fellows' employment, and also relating to other applicants and employees of the restaurant. Universal refused to answer the latter questions as beyond the scope of the investigation. The EEOC did not seek compliance from Universal and confined its investigation solely to the claim of individual discrimination.

Shortly after the charge was filed, Ms. Fellows retained counsel, and her attorney sent a letter to Universal stating that if an amicable settlement could not be reached, a class action lawsuit would be filed. Although attempts at conciliation were made, no settlement was obtained.

After failing to process Fellows' charge within 180 days, 42 U.S.C. § 2000e–5(f)(1), the EEOC issued a right-to-sue letter, and she filed this individual and class action suit alleging that Universal had discriminated against herself and other women on the basis of their sex in its recruitment, hiring, promotion, and compensation policies, all of which discriminatory conduct is implicated by Ms. Fellows' charge to the EEOC (at least as having affected her personally). *See* note 1 *supra.* On motion to dismiss by Universal for lack of jurisdiction, submitted with affidavits, the district court dismissed the class aspects of the suit, finding that the presence of either a class allegation in the EEOC charge or a class investigation by the EEOC was a jurisdictional prerequisite to a class action suit under Title VII, and that the conciliation policies of Title VII would not be served if the initial charge did not by its terms afford an opportunity for the employer to defend against, and the

---

1. Ms. Fellows' charge alleged:

   I believe that I have been discriminated against because of my sex, female, in that:

   1. Phil Varacharo paid the male Wine Steward $40.00 to $50.00 per shift plus a percentage of 2% over $200.00 and I was paid only $3.10 per hour for performing the same duties.
   2. I performed all of my duties in an outstanding manner, and the discharge by Phil Varacharo was not justified.
   3. I was the only female employed in the position of Wine Stewardess, and I believe I was paid less and discharged because of my sex, female.
   4. Phil Varacharo denied my application for positions as a Waitress, and Captain in Marios, Les Saisons, and the Old Warsaw Restaurant owned by the above named employer because of my sex, female.

Commission to investigate, class discrimination not specifically complained of by the employee's initial EEOC charge.

*Jurisdictional Test: In General*

█ When a party files suit for relief under the United States Constitution or under federal statute, a federal district court may not dismiss the suit on jurisdictional grounds unless the court finds (1) that the federal claim is immaterial and made solely for the purpose of obtaining jurisdiction, or (2) that the federal claim is wholly insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Miller v. Stanmore,* 636 F.2d 986, 989 (5th Cir.1981); *Suthoff v. Yazoo County Industrial Development Corporation,* 637 F.2d 337, 339 (5th Cir.1981), *cert. denied, sub nom Yazoo County Industrial Development Corporation v. Suthoff,* 454 U.S. 1157, 102 S.Ct. 1032, 71 L.Ed.2d 316 (1982). Jurisdiction "is not defeated by the possibility that the averments might fail to state a cause of action on which the petitioners could actually recover.... Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." *Bell v. Hood, supra,* 327 U.S. at 682, 66 S.Ct. at 776.

█ Here, Ms. Fellows clearly states a material federal claim of class employment discrimination in violation of a federal statute, Title VII, the sole basis of her suit. Considering the allegations of the complaint as true (as required for review of a dismissal thereof for lack of jurisdiction, *Miller v. Stanmore, supra,* 636 F.2d at 988), they would show that the defendant Universal discriminates against females as a class in its employment practices, in violation of federal law.

Thus, under *Bell v. Hood, supra,* her claim could be dismissed for lack of jurisdiction only if her federal class claim were wholly insubstantial and frivolous. In determining whether a federal claim meets this criterion, a two-prong test is used,

> a federal question may be insubstantial either (1) because it is obviously without merit, or (2) because it is clearly foreclosed by previous decisions of the Supreme Court.

*Miller v. Stanmore, supra,* 636 F.2d at 989. We find neither of these criteria for dismissal are here met and, further, that for reasons to be noted the showing made shows sufficient basis for the district court's jurisdiction of the class action under Title VII as to require it to maintain its jurisdiction of this aspect of the suit.

*Title VII Action: Cause of Action*

The basic two statutory requirements (although these are not necessarily "jurisdictional") for a Title VII suit are (1) the filing of a complaint with the EEOC and (2) the receipt of the statutory notice of right to sue. *See McKee v. McDonnell Douglas Technical Services Co., Inc.,* 700 F.2d 260 (5th Cir.1983). In contending that the district court lacked jurisdiction of the class action aspects of the suit, the defendant employer contends that the class subject matter of the lawsuit was not made the subject matter of a timely charge before the EEOC, because Ms. Fellows' initial complaint to the EEOC of sex discrimination related only to herself individually, not to women as a class.

It may well be that gender or "racial discrimination is by definition class discrimination", *General Telephone Company of Southwest v. Falcon,* 457 U.S. 147, 157, 102 S.Ct. 2364, 2370–71, 72 L.Ed.2d 740 (1982),[2] and that we could end our jurisdictional inquiry there. *See also Zipes v.*

**2.** In approving this principle in *Falcon* with relation to maintaining class actions, the Court further noted the distinguishable merit issues that relate to maintenance of a Title VII class action:

> We cannot disagree with the proposition underlying the across-the-board rule—that

> racial discrimination is by definition class discrimination. But the allegation that such discrimination has occurred neither determines whether a class action may be maintained in accordance with [Fed.R.Civ.P.] Rule 23 nor defines the class that may be certified. 457 U.S. at 157, 102 S.Ct. at 2370–71.

*Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). However, we prefer to rest our ruling upon decisions of this circuit that indicate to us that a class cause of action in this suit may be maintained in district court, despite the circumstance that on its face the initial EEOC charge by the employee literally construed may have manifested only an individual complaint.

In *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970), as in the present instance, the employee's initial charge and amended charge to the EEOC only alleged individual acts of discrimination against her on the basis of her sex and national origin. Subsequent to failure of EEOC efforts to secure conciliation and compliance, the employee filed suit for herself individually and for others of the class. The district court dismissed for failure to state a claim as to those allegations that went beyond the terms of the employee's initial EEOC charge. In reversing the district court's dismissal, *Sanchez* held that, inter alia, the scope of the employee's cause of action could include not only those charges specifically made before the EEOC but also " 'may encompass any kind of discrimination like or related to allegations contained in the charge' ", 431 F.2d at 466. The court stated: "The 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

A similar test was applied in *Gamble v. Birmingham Southern Railroad Company,* 514 F.2d 678 (5th Cir.1975). There, the EEOC charge by black switchmen and the subsequent EEOC investigation had only complained of the denial of promotion opportunities to conductor, but not also of the denial of promotion to higher supervisory positions, as additionally alleged by their

suit's complaint. The district court held that, therefore, the latter claim was outside the "permissible scope" of the cause of action based upon the initial EEOC charge and the EEOC investigation. Even though neither the initial charge nor the actual EEOC investigation had included the broadened charge of discrimination asserted by the lawsuit's complaint, we reversed and held that the broadened claim of discrimination was sufficiently "like or related to" the initial charge that an investigation "could reasonably be expected to grow from it," 514 F.2d at 688—although none *had* in fact —, so that this broader charge of discrimination was properly asserted as part of the cause of action based upon the initial EEOC complaint. *Id.*[3]

As in *Sanchez,* in *Gamble* we pointed out that the underlying policies of the Title VII Equal Employment Opportunity Act are not served by limiting judicial relief to technical niceties of the language used by an often unlettered or unsophisticated employee in filing his or her initial grievance with the EEOC. In *Gamble,* quoting with approval from a district court opinion, we stated

[T]he Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom [represented by] lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected.

514 F.2d at 689.

■ *Sanchez* and *Gamble,* then, are authority for holding that a cause of action

---

3. The able district court was concerned that the alleged lack of notice of a class basis for the discrimination charges deprived the EEOC of an opportunity to conciliate the class grievances, a preferred mode of resolution. In *Gamble,* we addressed the conciliation issue and found that the conciliation purposes of the act must yield to its more basic purposes to protect persons against employment discrimination, in-

dicating that protecting a merely theoretical right to conciliation (that might not be accepted) by dismissing a subsequent suit, is outweighed by more fundamental purposes of the Act to afford the possibility of administrative and judicial relief to employees who are subject to employment discrimination. *Gamble, supra,* 514 F.2d at 688–89.

for Title VII employment discrimination may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination. Other circuits apply a similar test. *Hicks v. ABT Associates, Inc.,* 572 F.2d 960, 966 (3d Cir.1978); *McBride v. Delta Airlines, Inc.,* 551 F.2d 113, 115 (6th Cir.) *vacated on other grounds, sub nom. Delta Airlines, Inc. v. McBride,* 434 U.S. 916, 98 S.Ct. 387, 54 L.Ed.2d 273 (1977).

*EEOC Complaint as to Individual Discrimination: Basis for Class Action?*

The defendant Universal would distinguish *Sanchez* and *Gamble,* insofar as applying to the present facts, because *Gamble*'s initial EEOC charge included class complaints (although not all of those additionally allowed to be sued upon) and because, it is suggested (it is not clear from the opinion), *Sanchez* by actual EEOC investigation subsequent to the initial charge extended its investigation of the individual's charge to include class discrimination. As we appreciate Universal's argument, it does not contest that under *Sanchez* and *Gamble* the class action could be properly asserted had the unlawyered employee, Ms. Fellows, checked a "class" complaint box or had she more broadly phrased her charge to include classwide instead of only individual gender discrimination. "[A] class action can be maintained under the Act even though only one member of the class has filed a charge of discrimination." *Sanchez, supra,* 431 F.2d at 631.

We are not persuaded by the argument that the present EEOC charge by Ms. Fellows could not support a subsequent cause of action for a class of women subjected to the same discrimination or to discrimination like or related to those described by the allegations of that initial charge.

In the first place, for instance, among Ms. Fellows' initial charges is that she "was paid less and discharged because of my sex, female", and that her application for various superior positions in the establishment were denied "because of my sex, female." See note 1 *supra.* Had she stated, instead, that "I was paid less because women are paid less," or "my applications for the superior positions were denied because no women were considered for them," her allegations would have been of class as well as of individual discrimination, so as clearly to justify a class action. Given the liberal construction accorded EEOC charges, especially those by unlawyered complainants, we are inclined to believe that the wordings of her actual and of our hypothetical charges could equally be understood to complain of discriminatory employment treatment of all women applicants and employees, as well as of Ms. Fellows herself.

In any event, the allegations of Ms. Fellows' EEOC charge that she was paid less and denied eligibility for most other paying positions in the business, solely because of her female sex, quite clearly meet the *Sanchez—Gamble* test, in our opinion. The scope of Ms. Fellows' judicial complaint could include class action allegations, since EEOC investigation of class discrimination against women could reasonably be expected to grow out of her allegations in her initial EEOC charge. In fact, when the EEOC instigated its investigation by commencing discovery, it directed questions to Universal not only as to Fellows' individual situation, but also as to the makeup of Universal's total work force. That these questions were asked suggests the reasonable possibility of a class investigation, and that Universal refused to answer suggests that Universal was aware of and wished to avoid this possibility. Universal's obduracy in attempting to limit the classwide scope of the EEOC's investigation does not militate against the initial charges having afforded a reasonable expectation that the EEOC's investigation could encompass not only Universal's alleged discrimination against Ms. Fellows but also that against all female applicants and employees.

**452**

Likewise, although the EEOC did not attempt to obtain compliance when Universal refused to answer, this failure should not be seen as determinative of the scope of the EEOC investigation that could reasonably be expected to grow out of the charge.

Although the EEOC may compel responses to class-directed questions in situations similar to this one, *Georgia Power Company v. Equal Employment Opportunity Commission,* 412 F.2d 462, 468 (5th Cir.1969), that Commission (which in this suit has filed an amicus curiae brief in support of the employee's contentions), points out that, due to volume and backlog problems, it has adopted a policy of ordinarily limiting its investigations only to those that directly affect a charging party, but without intending to affect that party's right to relief by civil suit "for all discriminatory practices which are like or related to those alleged in the charge which might have been uncovered if the Commission had sufficient resources to investigate all charges more extensively." Taking a Charge, [Compliance Procedures] EEOC Compl. Man. [BNA] § 2.1(e) (May, 1979).

*Conclusion*

For the foregoing reasons, and in accord with the purposes of Title VII (permitting often-uneducated employees—" 'those who are least able to protect themselves' "—to vindicate their rights before first the EEOC and then the courts, *Gamble, supra,* 514 F.2d at 689), we conclude that a dismissal on jurisdictional grounds was error on the part of the district court. We therefore REVERSE the order dismissing the class aspects of Fellows' suit, and REMAND for further proceedings.

REVERSED AND REMANDED.