IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 92-2824

Summary Calendar

---

DOROTHY J. FINE,

Plaintiff-Appellant,

versus

GAF CHEMICAL CORPORATION, ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

( July 6, 1993 )

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Dorothy J. Fine brought suit under Title VII and the Fair Labor Standards Act against DeJean Contract Maintenance Co., Inc., and GAF Chemical Corp. One claim is gender discrimination. The other alleges retaliation for asserting discrimination, as well as for filing a wage and hour claim. Following a hearing, the district court granted summary judgment for defendants without a memorandum opinion.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

GAF hired DeJean to perform maintenance and construction work at GAF's Texas City plant.  There is evidence that DeJean employees are often directly supervised by GAF supervisors at the plant. DeJean assigns employees to the plant on a permanent or temporary basis, although as a temporary assignee Fine worked there exclusively and apparently with as much frequency as permanent assignees.  In part, this stemmed from a requirement that all workers undergo safety training before working at the GAF plant.

In response to the retaliation claims, DeJean and GAF[1] maintain that the allegedly retaliatory act--reducing the hours Fine would work--occurred before Fine filed either her EEOC or wage and hour charges.  Fine filed charges with both the Labor Department's Wage and Hour Division and the EEOC on November 29, 1990.  DeJean points to statements by Fine in deposition, and in handwritten notes, that she learned on November 28 that her hours would be reduced.

On the other hand, other notes kept by Fine indicate that she first learned of the reduction on December 4, 1990.  Moreover, Fine was uncertain of the November 28 date during her deposition testimony, relying primarily on a note to that effect that might not have been contemporaneously made.  The inconsistencies affect the weight of Fine's proof, but do not destroy the probativeness of

_____

[1]Fine maintains that GAF's control over DeJean and her work makes GAF her de facto employer or co-employer; she also argues that GAF is a "person" liable under FLSA for causing retaliatory conduct regardless of whether it is her employer.  Because these contentions may turn on factual issues, we express no opinion regarding them.

evidence in the non-movant's favor. Other testimony, for instance her statement that she did not work on the day after the decision, support the inference that the reduction occurred after Fine filed her charges. The record does not demonstrate the absence of a genuine issue of material fact regarding the retaliation claim.

On the Title VII claim, DeJean relies upon Fine's testimony regarding the two positions that opened in September 1990. One required carpentry skills; the other involved hanging scaffolding. DeJean selected two men: one with carpentry skills and another experienced in hanging scaffolding. Fine conceded that she was less qualified in carpentry, and admitted a fear of heights that would interfere with the task of hanging scaffolding. On this record, Fine has failed to establish a prima facie case against DeJean's decision to hire others for these vacancies in September 1990. Relatedly, DeJean's assertion that the two persons hired were better qualified and hired for that reason defeats Fine's claim of sexual discrimination in the absence of a fact issue of pretext. We find none.

Fine's charges against GAF stem from its refusal to hire her as an apprentice chemical operator. She maintains that she had applied for such a position several times. Her statement to the EEOC states that her last application occurred in February 1990. Fine concedes that GAF disproved this specific allegation. Even so, Fine named two men who had been hired during the period that she had allegedly sought a position.

There is no dispute that the two men were hired in January 1989 and May 1990. GAF had no job openings in February 1990; it had no record of an application from Fine in that year and she conceded that the application she had in mind could have occurred in 1989. To the extent that they are supportable by evidence, the allegations Fine made to the EEOC do not show that her gender discrimination claim against GAF was timely made.

Fine responds by advancing a claim that GAF once more discriminated against her in October and November 1990. She maintains that she orally applied to GAF's plant manager for a job in October, and that three men were hired to the position sought on November 28--the day before her EEOC complaint. Although the EEOC complaint makes no mention of a job application or rejection in the fall of 1990, Fine asks the court to liberally construe her EEOC charge. See Terrell v. U.S. Pipe & Foundry Co., 644 F.2d 1112, 1123 (5th Cir. Unit B 1981). "[A] rule of reason ... permits the scope of a Title VII suit to extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." Id. A Title VII cause of action

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 451 (5th Cir. 1983).

As both Terrell and Fellows make clear, this rule protects unlettered lay persons making complaints without legal training or

4

the assistance of counsel.  GAF argues with some force that the absence of counsel has no bearing on the complainant's ability to recall and state facts--especially facts that occurred the day before the complaint.  Fine's charges drew the EEOC's attention to an application she allegedly made in February 1990, and refered to events even further in the past.  We conclude that the events now cited could not reasonably be expected to be within the scope of the EEOC investigation.

Finally, Fine seeks, for the first time on appeal, a ruling that she may recover punitive damages under the FLSA for the alleged retaliatory conduct.  Defendants moved to strike the prayer for punitive damages, arguing that such damages were not recoverable under Title VII or the FLSA.  Plaintiff responded that she could recover punitive damages under 42 U.S.C. § 1981a (the Civil Rights Act of 1991); Fine did not argue to the district court that the FLSA allowed the recovery of punitive damages.  Having heard these arguments, the district court struck the prayer for punitive damages after a hearing on June 23, 1992.  We decline to express an opinion on the FLSA issue, which Fine failed to present to the district court in the first instance.  See Capps v. Humble Oil & Refining Co., 536 F.2d 80, 82 (5th Cir. 1976).

For the foregoing reasons, the order striking the prayer for punitive damages is AFFIRMED, the grant of summary judgment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.