James N. HERSHEY

v.

PRAXAIR, INC., d/b/a Ucisco, Inc.

Civil Action No. G–96–373.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 10, 1996.

David P. Salyer, McLeod Alexander Powell & Apffel, Galveston, TX, for plaintiff.

Kevin M. Sadler, Baker & Botts, Austin, TX, for defendant.

### ORDER

KENT, District Judge.

Plaintiff filed this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Now before the Court are Defendant Praxair's Motion to Dismiss and Motion for Stay of August 12, 1996. For the reasons set forth below, Defendant's

1. Defendant does not seek dismissal of any claims arising from Plaintiff's termination, and

Motion to Dismiss is **GRANTED**[1] and Defendant's Motion for Stay is **DENIED**.

██ Defendant seeks dismissal of Plaintiff's claims that Defendant failed to promote Plaintiff and award him a pay raise on the basis of a disability. Defendant bases his request for dismissal of these claims on the fact that Plaintiff did not file a complaint regarding these acts within the time limitations prescribed by law and the fact that Plaintiff did not include these claims in his administrative charge. Defendant argues that it is "well-settled that a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the administrative charge." (Defendant's Motion to Dismiss, p. 2). In support of this assertion, however, Defendant cites *one* case from the District of Columbia District Court. The Court notes that if this contention is as well-settled as Defendant alleges, Defendant should be able to point to applicable Fifth Circuit authority to support his point. Fifth Circuit authority on this point is readily available. While it is true that a court cannot normally review claims not brought in the administrative charge to the EEOC, *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir.1980), *cert. denied*, 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981), it is nonetheless true that a Title VII cause of action may be based "'not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges.'" *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir.1993) (quoting *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir.), *cert. denied*, 464 U.S. 828, 104 S.Ct. 102, 78 L.Ed.2d 106 (1983)). Thus, Defendant's statement that it is "well-settled" that a plaintiff cannot bring a Title VII suit for claims not found in the administrative charge is frankly misleading, and counsel would do well to avoid such unfounded hyperbole in future pleadings.

██ Despite this unacknowledged nuance in the law, the Court nonetheless agrees with

those claims remain pending.

Defendant's ultimate statement that Plaintiff's promotion and salary increase claims cannot be brought in this suit because they were not in the administrative charge. Plaintiff was denied a promotion and a pay increase in April 1994. In January 1995, he was asked by Defendant to see a physician; then in July 1995, he was terminated. The Court notes that the promotion and salary decisions were made a full fourteen months before Plaintiff was terminated, the employment decision which is complained of in Plaintiff's administrative charge. The Court finds that these events are too remote in time as to be reasonably related so the complaint of the termination "encompasses" the claims regarding promotion and salary increase.

The Court additionally finds that Plaintiff's claims regarding the denial of the promotion and a pay increase are time barred because they were not brought within the prescribed limitations period. The ADA, incorporating the time limitations of Title VII, requires that a charge regarding an unlawful employment practice be filed within 180 days after the unlawful employment practice occurred. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1). The Fifth Circuit, however, recognizes an equitable exception to this limitation. This exception arises "[w]here the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 530 (5th Cir.1986); *see also Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989). Under this "continuing violation" exception, a plaintiff must show that at least one incident of the unlawful employment practice occurred within the 180 day period. *Waltman*, 875 F.2d at 474–75. In determining whether there has been a continuing violation, the Court may consider a number of factors, including the subject matter, frequency, and permanence of the discriminatory acts. *Waltman*, 875 F.2d at 475 (citing *Berry v. Board of Supervisors of La. State Univ.*, 715 F.2d 971, 981 (5th Cir.1983), *cert. denied*, 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986)).

In the case at hand, Plaintiff was denied a promotion and a pay increase in April 1994, was terminated in July 1995, and

filed his EEOC charge in October 1995. Thus the termination claim was timely filed. Charges regarding the promotion and salary decisions, however, were not timely filed. Applying the *Berry* factors, the Court finds that these acts fail to qualify as part of a continuing violation. The kind of discrimination alleged in all incidents is of the same type—discrimination based upon a disability. Regarding the frequency of the discrimination, the Court notes a significant time gap between the promotion and salary decisions and the termination. While there is no mechanical calculation regarding how frequent discriminatory acts must be to qualify as continuing, *see Waltman*, 875 F.2d at 476 ("[I]n looking at the frequency of harassment, the focus should not be a mechanical calculation."), the Court finds the fourteen month gap between the promotion and salary decisions and the termination to be significant. There is no evidence in the pleadings to suggest these acts were part of a continuing pattern of discrimination. Indeed, the Court notes that the promotion and salary decisions occurred before Plaintiff was even diagnosed with the illnesses by which he now claims to be disabled. The Court views the promotion and salary decisions as separate and distinct acts that occurred a significant time before and under a different set of circumstances than the termination decision.

The Court further finds that the promotion and salary decisions were of such a permanent nature as to render them separate and distinct acts from the termination. In assessing the permanence factor, a court is to consider "(1) whether the permanence of the act 'should trigger an employee's awareness and duty to assert her rights'; and (2) whether the consequences of the act would continue absent an intent to discriminate." *Waltman*, 875 F.2d at 476 (quoting *Berry*, 715 F.2d at 981). Denials of promotions and salary increases are acts that have a definitive permanent quality. These acts have consequences that linger past the acts themselves and have an element of permanence that should trigger an employee's awareness that his rights may have been violated. *See id.* The Court finds that the promotion and salary decisions in this case were distinct acts separate and apart from the termination decision, albeit based on the same type of

alleged discrimination. Therefore, the Court finds no existence of a continuing violation sufficient to save the promotion and salary claims from the time limitations bar. Because these claims were not brought within 180 days of the occurrence of the unlawful employment practices complained of, they are barred and are **DISMISSED WITH PREJUDICE.**

■ Defendant further seeks a dismissal of Plaintiff's claim of a conspiracy to deprive him of his constitutional rights. Defendant seeks this dismissal on the grounds that Plaintiff, in his Original Complaint, sued only one Defendant, Praxair d/b/a UCISCO, and more than one person is required for a conspiracy. Defendant also seeks a stay of this case on the grounds that the proper parties are not in the case. According to Defendant, Praxair does not do business as UCISCO; rather, they are two distinct corporate entities. Subsequent to Defendant's Motion to Dismiss and Motion for Stay, however, Plaintiff was allowed to amend his Complaint to add claims against UCISCO. Both Praxair and UCISCO are now proper parties to this suit. Therefore, Defendant's Motion for Stay is **DENIED.** Defendant's Motion to Dismiss the conspiracy claim, however, is **GRANTED.** The Court finds no facts or allegations in the pleadings to support a conspiracy claim. Rather, Plaintiff asks this Court to maintain consideration of the conspiracy claim because "[d]epending upon the relationship between Praxair, Inc. and UCISCO, Inc., the evidence may very well show that the two companies conspired to discriminate against the Plaintiff." (Plaintiff's Response to Defendant's Motion to Dismiss, p. 3). Plaintiff appears to concede that he does not sufficiently allege a claim for conspiracy but wishes to assert the claim in the event that discovery reveals a conspiratorial relationship between the two Defendants. The Court finds this optimistic yet conjectural pleading fails to state a claim for conspiracy upon which relief can be granted. There is nothing in the pleadings of this case to indicate any kind of joint activity between the two Defendants. Moreover, Plaintiff fails to specify what rights Defendants have allegedly conspired to violate. The Court notes that only Plaintiff's employer, which appears to be UCISCO, is liable for discriminatory employ-

ment practices under the ADA. 42 U.S.C. §§ 12111 & 12112. For these reasons, the Court **DISMISSES WITH PREJUDICE** Plaintiff's conspiracy claim. This case is a plain vanilla ADA case based on the allegations and events surrounding his termination, as set forth in Plaintiff's EEOC charge.

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's ADA claims regarding failure to promote and award a salary increase are **DISMISSED WITH PREJUDICE.** Plaintiff's conspiracy claim is also **DISMISSED WITH PREJUDICE.** Defendant's Motion for Stay is **DENIED.** Plaintiff's claims arising from his termination remain pending, subject to further Order of the Court. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**