United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-10899

JESSICA J. DIXON,

Plaintiff - Appellant,

v.

MOORE WALLACE, INC.,

Defendant - Appellee.

Appeal from the United States District Court
For the Northern District of Texas
No. 3:04-CV-1532

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jessica Dixon appeals the district court's summary judgment dismissal of her claims

for race discrimination, hostile work environment, retaliation, and constructive discharge

under Title VII of the Civil Rights Act of 1964.[1] Reviewing the record under the same

standard as the district court, we affirm for the following reasons:

(1) Dixon alleges that Moore Wallace discriminated against her based on her race in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]42 U.S.C. §§ 2000e *et seq*.

several respects, including various actions by her supervisors, a final written warning given by the human resources manager, and pay discrimination. On her pay discrimination claim, Dixon failed to exhaust her administrative remedies because it is not "like or related to" the allegations that she included in the charge of discrimination filed with the EEOC.[2] With regard to her other race discrimination claims, Dixon fails to establish a prima facie case because none of the alleged adverse employment actions constitutes an "ultimate employment decision" such as "hiring, granting leave, discharging, promoting, [or] compensating."[3]

(2) With regard to her hostile work environment claim, Dixon fails to establish a prima facie case because the conduct of which she complains is not so severe or pervasive "to create an objectively hostile or abusive work environment."[4] In addition, Dixon failed to present sufficient evidence to create a fact issue that any of the alleged harassment was based on her race.[5]

(3) Dixon alleges that Moore Wallace retaliated against her in several respects over a period from mid-2003 until she resigned in April 2004. Title VII protects employees from retaliation for engaging in an activity protected by Title VII.[6] "An employee has engaged in

---

[2]*Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983).

[3]*Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quotations omitted).

[4]*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

[5]*Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003).

[6]*Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

an activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII."[7] Dixon first engaged in protected activity on January 30, 2004 when she sent a letter to Jim Jehli, the Moore Wallace Human Resources Manager, complaining of race discrimination. She also engaged in protected activity when she filed a charge of discrimination with the EEOC on February 12, 2004.

With regard to her allegations of retaliation based on conduct of Moore Wallace that occurred prior to January 30, 2004, Dixon fails to establish a prima facie case because she cannot establish that a causal link existed between her protected activity and these allegations of retaliation.[8] On her allegations of retaliation based on conduct of Moore Wallace that occurred after January 30, 2004, we assume without deciding that Dixon established a prima facie case of retaliation. Moore Wallace then satisfied its burden by articulating legitimate, non-retaliatory reasons for its actions against Dixon.[9] Finally, the burden shifts back to Dixon to establish that Moore Wallace's reason is merely a pretext for the real, retaliatory purpose.[10] "The proper standard of proof . . . [for] a Title VII retaliation claim is that the adverse employment action taken against the plaintiff would not have occurred 'but for' her

---

[7]*Id.* (quoting 42 U.S.C. § 2000e-3(a)).

[8]*Id.*

[9]*Septimus v. Univ. of Houston*, 399 F.3d 601, 607 (5th Cir. 2005).

[10]*Id.*

3

protected conduct."[11] Dixon fails to establish but for causation on these claims because the only evidence of causation that she presented is the close temporal proximity between her January 30 complaint or her February 12, 2004 charge of discrimination and the alleged acts of retaliation. While very close temporal proximity alone may be adequate to establish a prima facie case of retaliation in some instances, "temporal proximity alone is insufficient to prove but for causation."[12]

(4) Dixon's constructive discharge claim fails because her summary judgment evidence does not support her contention that the "working conditions were so intolerable that a reasonable employee would feel compelled to resign."[13]

AFFIRMED.

---

[11]*Id.* at 608.

[12]*Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

[13]*Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997).