# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

Charles R. Fulbruge III
Clerk

No. 09-20680
Summary Calendar

SHELBY STEWART; KENNETH PERKINS; ADRIAN WHITE; RAUL COLLINS,

Plaintiffs - Appellants

WILSEY EPPS; CHARLES MICKENS,

Intervenor Plaintiffs - Appellants

v.

CITY OF HOUSTON POLICE DEPARTMENT; CITY OF HOUSTON; CHIEF HAROLD HURT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4021

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Officers of the City of Houston Police Department alleged unlawful racial discrimination arising from the Department's grooming policy. The district court granted summary judgment to the defendants on all claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20680

The City of Houston Police Department has a policy prohibiting police officers serving in four divisions from having beards.  The Department's reasoning is that the respirators purchased for response to a possible chemical, biological, radiological, or nuclear attack cannot be safely worn with beards. The four divisions with the restriction are those deemed most likely to serve as first responders to such an attack.

Four police officers filed suit challenging the policy. Two other officers joined the action as intervenors.  The officers are African-American males who suffer from pseudofolliculitis barbae, a skin condition causing infection after shaving.  They alleged that the no-beard policy discriminates against African-American males, who are disproportionately affected by the condition.

The officers claimed that the policy violates 42 U.S.C. § 1981, the Rehabilitation Act of 1973, and Title VII.  Adopting the report and recommendations of the magistrate judge, the district court granted the Department's motion for summary judgment on all claims.

We review a grant of summary judgment *de novo* and apply the same standard as did the district court. *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009).  We consider the evidence in the light most favorable to the nonmoving party, affirming if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *Id*. at 442-43; Fed. R. Civ. P. 56(c)(2).

A cause of action for racial discrimination under Section 1981 requires a demonstration of intentional discrimination.  *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982); *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).  We agree with the district court that the officers have no evidence of intentional discrimination.

To show discrimination under the Rehabilitation Act, the officers must show that they (1) have a disability, (2) were otherwise qualified for the

particular job, (3) worked for a program or activity that receives federal financial assistance, and (4) were discriminated against solely on the basis of the disability. 29 U.S.C. § 794(a); *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997). An individual has a disability under the Act if he or she (1) has "a physical or mental impairment that substantially limits one or more major life activities;" (2) has a record of such impairment, or (3) is regarded as having such impairment. 42 U.S.C. § 12102(1). Here, the officers allege the disability impairs the major life activity of working. *Id.* § 12102(2)(A).

The district court properly found no showing of a substantial limitation in working. The officers have not alleged they are "unable to work in a broad class of jobs," only that they cannot work in four divisions of the Department. *Sutton v. United Air Lines*, 527 U.S. 471, 491 (1999), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110-325, 172 Stat. 3553. "If jobs utilizing an individual's skills . . . are available, one is not precluded from a substantial class of jobs." *Id.* at 492.

The district court deemed the Title VII claim abandoned in the second amended complaint, and denied leave to amend the complaint to include the claim. A district court's denial of leave to amend is reviewed for abuse of discretion. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). After a scheduling order is issued, Rule 16(b) governs the amendment of pleadings. *Id.* The complaint should not be modified absent a showing of good cause. *Id.*; Fed. R. Civ. P. 16(b). To determine whether there is good cause, we consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co.*, 346 F.3d at 546 (citation and quotation marks omitted).

No. 09-20680

We agree that the Title VII claim was abandoned. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Further, the district court did not abuse its discretion in denying leave to amend. As the magistrate judge noted, the officers offered no explanation for the delay in asking to amend the complaint for the third time, and the request was made three months before trial. Moreover, the proposed amendment would be futile. The officers did not carry their burden under Title VII of showing that the Department's safety and security justifications for the grooming policy are pretextual or that there is an equally effective, less discriminatory alternative to the chosen respirators. *Conn. v. Teal*, 457 U.S. 440, 447 (1982); *IBEW, AFL-CIO, Local Unions Nos. 605 & 985 v. Miss. Power & Light*, 442 F.3d 313, 316-18 (5th Cir. 2006).

AFFIRMED.