# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2012

No. 11-10279

Lyle W. Cayce
Clerk

MELINDA MORA,

Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER,

Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-927

Before STEWART, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Melinda Mora appeals the district court's dismissal of her lawsuit against her former employer, the University of Texas Southwestern Medical Center ("UTSMC"), under Titles II and V of the Americans with Disabilities Act ("ADA"). Because the district court correctly determined that Mora's amended complaint failed to state a claim for which relief can be granted, *see* FED. R. CIV. P. 12(b)(6), we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10279

## FACTS AND PROCEEDINGS

Mora was employed by UTSMC, a state entity, as a program manager from 1996 until 2007. Mora alleges that she was fired from her job for being an alcoholic. Before being fired, Mora had received treatment for alcoholism from UTSMC's Employee Assistance Program ("EAP"). Mora was fired, in part, for being intoxicated on the job during February of 2007, after her supervisors were aware that she had been receiving treatment for alcoholism.

After her termination, Mora filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), then brought a lawsuit against UTSMC alleging (1) employment discrimination on the basis of a disability under Title I of the ADA and (2) retaliation under Title V of the ADA. UTSMC moved to dismiss the Title I claims on the now-uncontroverted ground that, as the Supreme Court has directly held, Title I of the ADA does not validly abrogate the states' sovereign immunity, meaning that Title I claims cannot be heard by the federal courts. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). The district court granted UTSMC's motion, but permitted Mora to replead her claim under Title II of the ADA, which prohibits discrimination on the basis of disability in the provision of government services and programs. Mora's amended complaint alleged that (1) her removal from the EAP following her dismissal constituted wrongful exclusion from a government service or program on the basis of a disability in violation of Title II of the ADA, and (2) after her firing, UTSMC retaliated against her in violation of Title V of the ADA by "disparaging" her to prospective employers. The district court dismissed all of Mora's claims with prejudice pursuant to Rule 12(b)(6) and entered final judgment against her. This timely appeal followed.

## STANDARD OF REVIEW

We review a district court's ruling on a 12(b)(6) motion to dismiss *de novo*. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). We

No. 11-10279

accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, but "we are not bound to accept as true a legal conclusion couched as factual allegation." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**DISCUSSION**

*1. Title II Claims*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132. Mora contends that her removal from the EAP constituted a violation of this provision and argues that her amended complaint pled sufficient facts to support her Title II claim. However, Mora's amended complaint was deficient for at least two reasons: (1) it failed to plead adequate facts to show that she has a "disability" within the meaning of the ADA, and (2) it failed to allege facts showing that she was "qualified" to receive EAP services even after her termination.

*a. "Disability"*

Mora's complaint failed to adequately plead that she has a "disability" for purposes of the ADA. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1). Although Mora alleged that she is an alcoholic and recited that her alcoholism impairs a major life activity, she did not specify which of her "life activities" is substantially limited. This is fatal to stating a valid claim for relief. As the Supreme Court has explained, a

3

valid complaint must do more than give "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

At best, Mora's complaint alleges only that she was (or was regarded as being) substantially impaired in her ability to do her job with UTSMC, but "[w]hen the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999). Because her complaint, even liberally construed, alleged only that she was, or was regarded as being, impaired in the performance of her specific job with UTSMC, her pleadings are legally insufficient. *See Kemp v. Holder*, 610 F.3d 231 (5th Cir. 2010).

### b. "Qualified"

Mora's complaint also failed to allege facts that, if true, would establish that she was relevantly "qualified" to receive continued treatment in the EAP. A "qualified individual with a disability" is

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, *meets the essential eligibility requirements* for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. §12131(2) (emphasis added). At the time she was denied EAP services, Mora no longer met the "essential eligibility requirements" for the receipt of such services because UTSMC understandably provides EAP services only to its employees, and *Mora was no longer employed by UTSMC*.

Mora argues that her claim should be permitted because the reason for her ineligibility was her discriminatory termination. But the language of Title II does not permit Mora's attempt to shoehorn what is essentially a Title I claim into Title II. Title II forbids denying services to a person with a disability "by

reason of such disability." UTSMC did not deny Mora alcohol treatment "by reason of" her alcoholism. As the state correctly argues,

> Title II does not require public entities to investigate the reasons behind an individual's ineligibility, nor does it contain an exception that makes an [sic] person "eligible" if the reason for their [sic] ineligibility is a discriminatory act. Instead, Title II requires that the denial of state services itself be "by reason of such disability."

The language of Title II simply does not encompass Mora's claim that she was wrongly fired for being an alcoholic.

### 2. Title V Claims

Mora's complaint also failed to adequately plead a claim under Title V. A claim of unlawful retaliation under the ADA requires a showing that (1) the plaintiff engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected act and the adverse action. *Seaman v. CSPH*, 179 F.3d 297, 301 (5th Cir. 1999). The allegations in Mora's amended complaint relating to her Title V claim stated, in their entirety:

> [UTSMC] retaliated against Mora for exercising her rights under the ADA in violation of 42 U.S.C. § 12203(a). These Title V retaliation claims are based on actions taken by [UTSMC] in violation of Title II of the ADA.
>
> [UTSMC] has disparaged and continues to disparage Mora to potential employers for whom Mora has sought to gain employment, and thereby prevented Mora from gaining employment with a Fort Worth hospital. Furthermore, [UTSMC's] decision to terminate Mora was based in part on her complaints about [UTSMC's] unwillingness to accommodate her disability limitations.

These allegations fail to state a claim under Article V. With respect to her allegation that UTSMC "disparaged" her to potential employers after she was fired, Mora's complaint does not identify any "protected activity" for which UTSMC was supposedly retaliating against her. On appeal, Mora argues that UTSMC's disparagement of her was retaliation against her filing of a charge

No. 11-10279

with the Texas Workforce Commission and the EEOC, but her complaint in the district court alleged no facts that indicate a "causal connection" between these filings and UTSMC's alleged disparagement of her.

Mora's complaint can be read as asserting that UTSMC retaliated against her by firing her for complaining about its unwillingness to accommodate her disability. But this allegation is contradicted by the other facts alleged in the complaint, making the claim implausible on its face. The complaint sets forth no facts suggesting that Mora ever complained about any "unwillingness to accommodate her disability." Mora only complained *after* she was fired and removed from the EAP. Indeed, before she was fired, UTSMC *was* accommodating her disability by providing her with treatment for alcoholism through the EAP. Thus, Mora failed to plead a valid claim under Title V.[1]

## CONCLUSION

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

[1] Because we agree with the district court's determination that Mora failed to state a valid claim under the ADA, we need not address UTSMC's argument that Mora's claims under Title II and Title V are barred by state sovereign immunity.