# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2022

Lyle W. Cayce
Clerk

No. 21-10600

Brenda Drerup,

*Plaintiff—Appellant*,

*versus*

Consolidated Nuclear Security, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CV-106

Before Richman, *Chief Judge*, and Higginbotham and Elrod, *Circuit Judges*.

Per Curiam:*

Brenda Drerup sued her employer, Consolidated Nuclear Energy ("CNS"), alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act ("ADA"), and the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10600

Texas Labor Code. The district court granted summary judgment to CNS on all claims. Drerup timely appealed. We affirm.

## I.

CNS operates the Pantex Plant and maintains its internal fire department. Drerup, now 56, has been a member of the Pantex Fire Department since 1997. In 2006, she began treatment for allergic rhinitis; in 2009, she was promoted to Fire Captain in charge of compliance. In August 2014, she reported that black mold in her work area exacerbated her allergic rhinitis, causing severe headaches that inhibited her ability to concentrate or drive. The department granted her request and Drerup moved out of the Fire Department building.

Drerup's claims arise out of three events related to these conditions. First, every CNS firefighter can qualify to work as an "emergency responder" on passing the annual Combat Challenge. She consistently passed the Challenge until 2014, when a foot fracture prevented her from taking the Combat Challenge. Drerup did not take the test from 2015 to 2018 due to mold in the test facility. In September 2018, the test facility was washed out. Drerup then passed the Combat Challenge in May 2019, however she has continued to be denied the opportunity to work as a responder.

In 2015 there was a strike at CNS and responders filled in for striking employees, earning overtime compensation, but Drerup could not fill in because she had not passed the Combat Challenge. Then, in March 2017, Vance Robinson, although medically restricted from responder status, was allowed to work as an emergency responder during a grassfire, a one-time event. On Drerup's complaint, CNS Employee Concerns determined that while it was not discriminatory, it was "inconsistent" with past decisions. On May 4, 2017, Drerup filed an intake questionnaire with the EEOC where she

2

described the March 2017 fire as "the most recent" incident of "[o]ngoing harassment."

Second, in May 2016, Assistant Fire Chief William Ho-Gland announced that Battalion Chief Donavon Morgan would retire. Fire Chief Michael Brock and Ho-Gland decided to reclassify the Battalion Chief position as a Fire Captain position and hired Joshua Brown. On Drerup's complaint, Employee Concerns determined that it was management's decision to reclassify the position. After Brown started to work, Ho-Gland agreed that Drerup could transfer document compliance duties to Brown, but Brock insisted that Drerup continue with her current compliance duties.

Finally, in 2019, CNS posted an Assistant Fire Chief position. Drerup applied, although she lacked the required Texas Commission on Fire Protection ("TCFP") Fire Instructor II and Fire Officer II certifications. CNS hired Emory Johnson. Although Johnson lacked the TCFP certifications when he applied, he had national-equivalent certifications and the TCFP certifications by the time he interviewed.

Drerup sued CNS, alleging age discrimination and retaliation under the ADEA, adding by amendment claims under the ADA, Title VII, and the Texas Labor Code, as well as claims for retaliation. The parties consented to have the case referred to a magistrate judge for all future proceedings.[1] CNS moved for summary judgment on all of Drerup's claims, which the magistrate judge granted. Drerup timely appealed. We affirm.

---

[1] 28 U.S.C. § 636(c).

No. 21-10600

## II.

We review a grant of summary judgment *de novo*, viewing all evidence and drawing reasonable inferences in favor of the non-moving party.[2] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

## III.

We first consider whether Drerup properly exhausted her administrative remedies before pursuing her claims in federal court. "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."[4] The magistrate judge found that Drerup failed to exhaust her administrative remedies for her claims relating to the reclassification of the Battalion Chief position and to her denial of work as a responder during the 2015 strike.[5]

### A.

In Texas, plaintiffs suing under Title VII and the ADA must file their charge with the EEOC within 300 days.[6] Drerup did not file her charge until

---

[2] *Ratliff v. Aransas County*, 948 F.3d 281, 287 (5th Cir. 2020).

[3] Fed. R. Civ. P. 56(a).

[4] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

[5] The magistrate judge also held that she did not exhaust her administrative remedies regarding the temporary reassignment of Morgan's duties; Drerup does not appeal this finding.

[6] *Garcia v. City of Amarillo*, No. 2:18-CV-95-Z-BR, 2020 WL 4208060, at *3 (N.D. Tex. July 22, 2020), *aff'd*, 836 F. App'x 318 (5th Cir. 2021) (per curiam); *see also Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019).

4

March 11, 2019, more than 300 days after the Battalion Chief position was reclassified on December 18, 2017.

To avoid this bar, Drerup argues that the EEOC charge encompassed the reclassification because she provided her ongoing complaints to Employee Concerns. Under Title VII a cause of action "may be based . . . upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."[7] But Drerup's Employee Concerns complaints do not extend the scope of her charge to the reclassification. "[T]he question is whether the employee *already included* sufficient facts in his original complaint to put the employer on notice that the employee might have additional allegations of discrimination."[8] Drerup's 2017 EEOC charge addressed only her inability to work as a responder for the 2017 grassfire; her claims challenging the reclassification could not be reasonably expected to grow out of this. Alternatively, Drerup argues that her 2019 EEOC charge should relate back to her 2017 charge.

An amended charge relates back to the date the first charge was filed when the "amendments alleging additional acts which constitute unlawful employment practices [are] related to or growing out of the subject matter of the original charge."[9] But the 2019 charge alleged new claims and facts about reclassification unrelated to the 2017 grassfire.[10] So, Drerup failed to exhaust

---

[7] *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)).

[8] *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003).

[9] 29 C.F.R. § 1601.12(b).

[10] *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir. 1985).

No. 21-10600

her administrative remedies regarding the reclassification of the Battalion Chief position and this claim was properly barred.

**B.**

Drerup also argues that the magistrate judge improperly found that her claim for unequal compensation due to her inability to work as a responder during the 2015 strike was not administratively exhausted. The Lily Ledbetter Fair Pay Act of 2009 ("FPA") allows one to assert backpay claims for two years prior to filing the charge.[11] While the strike ran from August to October 2015, less than two years before her timely 2017 EEOC charge relating to the grassfire, Drerup did not there raise an FPA claim for unequal compensation or mention compensation. Drerup failed to bring a timely charge regarding the 2015 strike; those claims are properly barred.

**IV.**

Drerup next appeals the magistrate judge's rejection of her claimed disability under the ADA. When a plaintiff relies on circumstantial evidence for an ADA claim, we apply the *McDonnell Douglas* burden shifting framework.[12] Its first step requires a prima facie case of discrimination under the ADA,[13] that she "has a disability;" "was qualified for the job;" and "was subject to an adverse employment decision on account of [her] disability."[14]

Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities of such individual."[15]

---

[11] 42 U.S.C. § 2000e-5(e)(3)(B).

[12] *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999).

[13] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).

[14] *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021).

[15] 42 U.S.C. § 12102(1)(A).

No. 21-10600

"'Substantially limits' is not meant to be a demanding standard."[16] Major life activities include "breathing," "concentrating," "working," or "the operation of a major bodily function," including the respiratory and immune systems.[17] There is insufficient evidence to show that Drerup's respiratory system, immune system, breathing, or ability to work were substantially limited. The symptoms she cites (itchy eyes, chest pain, congestion) do not implicate any major life function and there is no other evidence showing her breathing or respiratory or immune systems are compromised. Additionally, although Drerup cannot work from the Fire Department building with her colleagues or take the Combat Challenge, this is insufficient to show that her ability to work was substantially limited. "[W]hen the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that [one] allege [she is] unable to work in a broad class of jobs."[18] While Drerup cannot perform specific jobs, such as a responder, she is not substantially limited in her ability to work a broad class of jobs, as she remains a Fire Captain.[19] Drerup fails to make a prima facie case of discrimination.

---

[16] 29 C.F.R. § 1630.2(j)(1)(i).

[17] 42 U.S.C. § 12102(2).

[18] *Kemp v. Holder*, 610 F.3d 231, 238 (5th Cir. 2010) (per curiam) (citing *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 491 (1999)). In 2008, Congress amended the ADA and explicitly overturned *Sutton* with regards to mitigating measures but did not do so with regards to work restrictions. *Williams v. Tarrant Cty. Coll. Dist.*, 717 F. App'x 440, 446 (5th Cir. 2018) (per curiam); 42 U.S.C.A § 12101(b)(2)–(3). *See also Green v. United Parcel Serv., Inc.*, 847 F. App'x 207, 211 (5th Cir. 2021) (per curiam); *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 297–98 (5th Cir. 2012) (per curiam); *Stewart v. City of Hous. Police Dep't*, 372 F. App'x 475, 477 (5th Cir. 2010) (per curiam) (continuing to apply the *Sutton* standard).

[19] *Stewart*, 372 F. App'x at 477 (quoting *Sutton*, 527 U.S. at 492) ("If jobs utilizing an individual's skills . . . are available, one is not precluded from a substantial class of jobs.").

No. 21-10600

**V.**

Next, Drerup appeals the dismissal of her four Title VII and ADEA claims, alleging discrimination when: (1) she was not promoted to Battalion Chief; (2) only male employees were allowed to act as responders; (3) she was not allowed to swap duties with Brown; and (4) she was not interviewed or hired to be Assistant Fire Chief. We again apply the *McDonnell Douglas* burden-shifting framework.[20] A prima facie case of discrimination under Title VII and the ADEA requires Drerup to show that she is a member of a protected class, qualified for the position, suffered an adverse employment action and was replaced by, or treated less favorably than, someone outside the protected class.[21] While Drerup is a member of a protected class for purposes of both Title VII and the ADEA, she fails to make her prima facie case on each of her claims.

First, Drerup must specifically show that "she sought and was qualified for the position," was rejected, and CNS continued to seek or promote applicants with her qualifications.[22] Because Drerup never applied to be Battalion Chief, she was not rejected for the position. Nor did CNS "continue[] to seek or promote applicants" for the position.[23] Indeed no one was hired as Battalion Chief.

---

[20] *McDonnell Douglas*, 411 U.S. at 802–03; *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012).

[21] *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223–24 (5th Cir. 2000). As a woman over 40, Drerup is protected by both Title VII and the ADEA. 29 U.S.C. § 631(a).

[22] *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 469 (5th Cir. 2021) (citing *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004)).

[23] Drerup's claims regarding the reclassification itself are barred as she failed to administratively exhaust the claim.

Second, Drerup argues that she was treated less favorably than four similarly situated male employees who worked as responders: Robinson (who failed the Combat Challenge), and Hill, Knapp, and Hale (who did not work in the Fire Department building). Drerup must show that she was treated less favorably than a similarly situated comparator outside the protected class.[24] A similarly situated employee must share the same job responsibilities and supervisor.[25] None of these men are similarly situated to Drerup. She could not act as a responder because she had not taken and passed the challenge, could not enter the Fire Station, and had a CNS medical restriction. It is the combination of these factors, as opposed to those employees only having one factor present, that disqualified Drerup from the position.

Third, Drerup argues that Brock did not allow her to switch duties with Fire Captain Brown. As both Drerup and Brown are Fire Captains, this would have been a lateral transfer. While "the denial of a purely lateral transfer is not an adverse employment action,"[26] "the denial of a transfer *may* be the objective equivalent of the denial of a promotion" qualifying as an adverse employment action when the new position is objectively better.[27] Here, however Drerup only asserts that she preferred Brown's duties to her own. She failed to create a genuine issue of material fact that his role was objectively more prestigious, and she failed to make a prima facie case.

Drerup next argues that she faced discrimination when she was not hired to be Assistant Fire Chief but fails to show that she was qualified for the position. The Assistant Fire Chief position required five certifications, two

---

[24] *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009).

[25] *Id*. at 259–60.

[26] *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007).

[27] *Id*. at 614.

No. 21-10600

of which Drerup lacked. Although Johnson, who was ultimately hired, initially lacked these certifications, he had the national equivalents when he applied. He also had all of the TCFP certifications by the time of his interview. Additionally, the Assistant Fire Chief had to be able to be "physically present at the fire station," but Drerup could not enter the fire station. While Johnson could not enter the building alone until he received security clearance, he could, and did, enter the building with an escort. Drerup fails to make a prima facie case of discrimination.[28]

## VI.

Finally, Drerup argues she was retaliated against when she was not hired as Assistant Fire Chief or Battalion Chief. To establish a prima facie case of retaliation, Drerup must show that she engaged in protected activity, she faced an adverse employment action, and there was "a causal link between the protected activity and the adverse action."[29] To review retaliation claims, we again follow the *McDonnel Douglas* burden shifting framework.[30]

Drerup fails to make a prima facie case. As for the position of Assistant Fire Chief, CNS had a legitimate, nondiscriminatory reason for not hiring her—she was not qualified. Drerup has offered no evidence that CNS's

---

[28] *Lindsley*, 984 F.3d at 469.

[29] *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 618–19 (5th Cir. 2020) (citation omitted).

[30] *Id.* at 618.

No. 21-10600

decision not to hire her was mere pretext.[31] As to her claim that not hiring her as Battalion Chief was retaliation—she never applied for the position.[32]

\* \* \* \*

Accordingly, we AFFIRM the district court.

---

[31] *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013).

[32] *Lindsley*, 984 F.3d at 469. Drerup also argues that the reclassification of the Battalion Chief position was retaliation. This claim is barred as Drerup failed to exhaust her administrative remedies.