# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2026

Lyle W. Cayce
Clerk

No. 25-50629

EDWARD BERNAL, *on behalf of his child*, E.B., *a minor*,

*Plaintiff—Appellant*,

*versus*

FLORESVILLE INDEPENDENT SCHOOL DISTRICT, *through its Board of Trustees*; DOES 1-20, *inclusively*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-113

Before KING, SOUTHWICK, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff–Appellant Edward Bernal sued Floresville Independent School District and Does 1 through 20 under Title IX for alleged sexual harassment that his minor son, E.B., suffered at the hands of another student. The district court granted Defendants–Appellees' Rule 12(b)(6) motion to dismiss. Because Bernal failed to sufficiently plead that the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50629

defendants were deliberately indifferent—an essential element of his claim—we AFFIRM.

**I**

E.B., a fifth grader at a Floresville Independent School District ("FISD") elementary school during the 2022–23 school year, was allegedly touched on or around his genital area on at least three separate occasions by another male student in his class and grade. It is unclear from the pleadings when, specifically, these incidents occurred or when the school discovered them. But the record shows that, on March 8, 2023, E.B.'s teacher sent an email to Bernal, stating:[1]

> I just wanted to let you know about a situation that is happening with one of our male students touching the other male students inappropriately. E[.B.] and another boy told me about it today after school, but apparently it has happened before. I thought E[.B.] was being silly at first talking about something else in PE, but I realized quickly they were being completely serious. Please let E[.B.] know that I am taking care of the situation with a principal. An investigation will be done, so E[.B.] may be called in to give details. This other male [student] unfortunately has mental issues from childhood trauma, but this type of behavior is completely unacceptable. Please let me know if you have any questions or concerns. Thank you.

---

[1] This email exchange is not quoted in or attached to Bernal's operative complaint. But it is nevertheless referenced in it; central to his Title IX claim; attached to the Appellees' first motion to dismiss; and incorporated by reference into their second. Bernal also has not objected to the Appellees' reliance on it. We therefore may properly consider it. *See Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

When Bernal replied, "why wasn't this dealt with the first time," the teacher responded that "[t]oday was the first time E[.B.] said anything to me about this happening." Bernal alleges, however, that "[t]he school did not notify the parents . . . of the ongoing assaults until days after FISD decided that E.B.'s complaints were legitimate."

As the teacher indicated, E.B. was soon interviewed by a principal. Ultimately, FISD disciplined the offending student, including by issuing verbal reprimands, making him run laps around the school track, and assigning him to in-school suspension. Still, Bernal alleges that "E.B. was forced to share a classroom with the offender on a daily basis."

Almost a year later, Bernal filed this suit on behalf of E.B. He initially asserted two causes of action against FISD and 20 unnamed "employees or agents" of FISD, whom he called Does 1–20 (collectively, the "Appellees"): (1) violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and (2) violation of due process under 42 U.S.C. § 1983. Upon the Appellees' Rule 12(b)(6) motion, the district court dismissed Bernal's § 1983 claim with prejudice and Title IX claim without prejudice, granting Bernal leave to cure his pleading deficiencies.

Bernal subsequently filed an amended complaint, the operative pleading on appeal. In it, he asserted a materially-identical Title IX claim and sought, among others, "actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages." The Appellees filed another Rule 12(b)(6) motion to dismiss.

The district court granted the motion. In its order, the court first noted that Bernal "allege[d] no additional facts in his Amended Complaint regarding the alleged harassment." It thus rested on its previous dismissal order's reasoning to find that Bernal "has not sufficiently alleged facts demonstrating that the 'harassment E.B. suffered was so severe, pervasive,

and objectively offensive that E.B. was denied access to his education.'" It also concluded anew that Bernal failed to plead sufficient facts to plausibly demonstrate that FISD's response constitutes deliberate indifference, and that Bernal failed to plead recoverable damages under Title IX in light of *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022), This time, however, the district court dismissed Bernal's Title IX claim with prejudice. Bernal timely appealed.

## II

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss. *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021). We "accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* "To survive a motion to dismiss, a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III

Title IX states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). And it includes a private right of action. *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022); *see also Cummings*, 142 S. Ct. at 1569.

For student-on-student sexual harassment, like the one alleged here, a school district may be held liable under Title IX if: (1) the district had actual knowledge of the harassment; (2) the harasser was under the district's control; (3) the harassment was based on the victim's sex; (4) the harassment was so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an educational opportunity or benefit; and (5) the

No. 25-50629

district was deliberately indifferent to the harassment. *Roe*, 53 F.4th at 341 (citing *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011)). But even if a plaintiff satisfies all five elements, his scope of relief is not unlimited; "emotional distress damages are not recoverable under the Spending Clause antidiscrimination statutes," of which Title IX is one. *Cummings*, 142 S. Ct. at 1569, 1576.

On appeal, Bernal argues that the district court erroneously concluded he did not sufficiently plead the fourth and fifth elements or recoverable damages. As to at least the fifth element, we disagree with Bernal and agree with the district court—FISD's alleged conduct does not amount to deliberate indifference. Because Bernal's failure to sufficiently plead that element is enough for us to affirm the judgment below, we do not reach the fourth element or the damages issue.[2]

Deliberate indifference is a "high bar." *Roe*, 53 F.4th at 341. It "requires [FISD's] response to be 'clearly unreasonable in light of the known circumstances." *Id.* (quoting *Sanches*, 647 F.3d at 167). "This is more than negligence." *Id.* Indeed, we have said this is "a lesser form of intent

_____

[2] The Appellees' response brief argues for the first time on appeal that Bernal cannot maintain his claim against Does 1 through 20 because "a Title IX claim may not lie against a defendant other than an entity receiving federal funding for its education program." *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) ("Title IX reaches institutions and programs that receive federal funds . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."). Because this argument was never raised below, the district court never addressed it, and we do not have the benefit of a reply brief.

We generally do not consider arguments raised for the first time on appeal unless "it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice." *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021). Here, whether Does 1 through 20 are proper defendants is surely a legal matter; but we see no miscarriage of justice in not reaching this issue because, even if Bernal could maintain his suit against Does 1 through 20, he failed to adequately plead an essential element.

rather than a heightened degree of negligence." *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 369 (5th Cir. 2019). And we "afford broad deference to school officials" and do not "second-guess[] the disciplinary decisions made by school administrators." *Roe*, 53 F.4th at 341 (quoting *Davis ex rel. Lashonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999)). "Schools need not 'accede to a parent's remedial demands' or actually succeed in remedying the harassment." *Id.* (quoting *Sanches*, 647 F.3d at 167–68). Instead, this inquiry focuses on whether defendants' acts or omissions were "tantamount" to the district "intentionally 'subject[ing] its students to harassment.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 411 (5th Cir. 2015) (quoting *Davis*, 526 U.S. at 644).

The holding in *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380 (5th Cir. 2000), illustrates just how high this deliberate-indifference bar is. There, a second-grade student reported that a teacher had fondled him. *Id.* at 385. Believing the student's claim to be untrue, however, the principal never contacted Child Protective Services, monitored the accused teacher, or required that the teacher undergo additional training. *Id.* at 387–88. Later, the school discovered that the accused teacher had molested several boys for years, and he was criminally charged as a result. *Id.* at 381. Despite the botched investigation and the "tragic consequences," this court held that the principal's decision was not deliberately indifferent. *Id.* at 388. As we have explained, "[t]hat was in large part because the principal responded in *some* way: she interviewed the student, his mother, and another teacher, and warned the accused that 'he would be "dealt with" if the accusations were founded.'" *J.T. v. Uplift Educ.*, No. 23-10773, 2024 WL 5118486, at *5 (5th Cir. Dec. 16, 2024) (per curiam) (unpublished) (quoting *id.*). With this in mind, we turn to the allegations.

Bernal alleges that FISD was deliberately indifferent in four ways: (1) "[d]ismissing E.B.'s allegations against the offending student"; (2) "[f]ailing to discipline the offending student"; (3) "[k]eeping the offending student in the same classroom as E.B."; and (4) "[f]ailing to escalate the allegations to the appropriate authorities in a timely manner." We take these in turn and conclude that they fail to overcome the "high bar" of deliberate indifference.

*First*, the record fails to show that FISD dismissed E.B.'s allegations. Bernal alleges that the March 8 email "stated" that "[t]eachers and administrators initially dismissed E.B.'s concerns regarding the offending student because they believed it to be typical behavior among boys of E.B.'s age." But the email says no such thing. Rather, it states that the teacher initially thought E.B. was "being silly," but she "realized quickly" he was being serious. She then assured Bernal that she is "taking [E.B.] seriously and following through." And no substantial amount of time passed between the initial thought and the later realization because E.B. apprised the teacher about the harassment "for the first time" that day "after school," and the email was sent at 4:29 PM. At most, a few hours had passed. So, contrary to Bernal's allegations, FISD did not "initially dismiss[]" E.B.'s reports of sexual harassment.[3]

Relatedly, Bernal alleges—with no other supporting factual allegation—that FISD "did not notify the parents . . . of the ongoing assaults until days after FISD decided that E.B.'s complaints were legitimate." The above-quoted email exchange indicates otherwise, but perhaps, when

---

[3] Even at the motion-to-dismiss stage, we resolve this conflict between a pleading and a properly-considered exhibit in favor of the exhibit—here, the email. *See Sligh v. City of Conroe*, 87 F.4th 290, 298 (5th Cir. 2023) (concluding that, to the extent a video attached to a motion to dismiss contradicts the plaintiff's allegations, the video controls).

inferences are drawn in Bernal's favor, *other* teachers or administrators knew of the assault before March 8. We can only hypothesize because the complaint does not allege when the assaults occurred and when FISD knew.

In any event, this contention too fails to meet the deliberate-indifference bar. To be sure, not immediately notifying the child's parent is a significant omission. But, as Bernal alleges, FISD was not idle; it undertook to "decide[ whether] E.B.'s complaints were legitimate." Verification of a complaint, of course, would be one of the first steps of remedying the complained-of harassment. That FISD took steps to verify and followed up with multiple disciplinary actions against the offending student means FISD "responded in *some* way." *See J.T.*, 2024 WL 5118486, at *6. That is enough to defeat Bernal's deliberate-indifference claim.

*Second*, while Bernal complains that FISD "[f]ail[ed] to discipline the offending student," he simultaneously alleges that the school *did* in fact discipline the offending student. According to Bernal, FISD issued verbal reprimands, made the offending student run laps around the school track, and assigned him to in-school suspension. Because Bernal's failure-to-discipline contention is plainly "contradicted by the other facts alleged in the complaint," his claim is "implausible on its face." *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012).

*Third*, he alleges that FISD's decision to "keep[] the offending student in the same classroom as E.B." constitutes deliberate indifference. Taking the allegations as true, we are sympathetic to E.B.'s struggles, having to face the offending student on a daily basis. And perhaps Bernal is correct that a "reasonable school district would have immediately separated the students, implemented a safety plan, and provided counseling and academic support."

No. 25-50629

But whatever reasonable course of action should or could have been, we cannot conclude the failure to separate the two children amounts to deliberate indifference. Our precedent is clear that "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent" and "responses that most reasonable persons could have improved upon do not equate to deliberate indifference." *I.F.*, 915 F.3d at 369. Instead, there must be an "official decision by [FISD] not to remedy the violation." *Roe*, 53 F.4th at 341. And we do not sit as a super-superintendent to "second-guess[] the disciplinary decisions made by school administrators." *Id.*

Here, the complaint and the record properly before us do not show any official decision by FISD not to remedy the violation. What they do show is FISD's repeated remedial attempts—however inept, erroneous, ineffective, or negligent they may have been. The teacher immediately escalated the issue to the principal, the principal interviewed E.B. and his friend about the incident, and the offending student was disciplined. These affirmative steps mean that the failure to separate the two children falls short of the high bar of deliberate indifference.

*Fourth*, Bernal alleges that FISD failed to "escalate the allegations to the appropriate authorities in a timely manner." While he does not specify who he believes "appropriate authorities" are, he references law enforcement once in his complaint, so we presume that is who he meant.

Title IX, however, does not require schools to call law enforcement, nor does Bernal point to any cases that say otherwise. In fact, Title IX regulations in effect at the time of the alleged harassment,[4] while laying out a

---

[4] While this suit was pending, the Department of Education promulgated new Title IX regulations, and those regulations have since been vacated by a district court. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O, 2025 WL 1782572 (N.D. Tex.

No. 25-50629

detailed grievance process, make no mention of law enforcement involvement. *See* 34 C.F.R. §§ 106.44–.45 (2023). And, in the Title IX context, we have treated criminal investigations by law enforcement separate from internal investigations by an educational institution. *See Roe*, 53 F.4th at 346 ("[A] school district *may* rely on a law-enforcement investigation in *some* circumstances." (emphasis added)); *cf. id.* at 347 (holding that blind delegation of investigation to law enforcement fell short of Title IX's requirements). Of course, this is not to say that FISD can sit on its hands in the face of a harassment complaint. But, again, per Bernal's own allegations, FISD *did* take action: the teacher escalated the issue to the principal immediately upon being notified, and the principal interviewed E.B. and his friend. This failure-to-escalate argument therefore fails to clear the deliberate-indifference hurdle.

## IV

The alleged harassment, if true, is a tragedy. And perhaps FISD's response could and should have been better. But under Title IX, Bernal needed to plead sufficient facts to plausibly demonstrate deliberate indifference by FISD. After two attempts, Bernal failed to do so. Accordingly, we AFFIRM the judgment of the district court.

---

Feb. 19, 2025). To the extent they are relevant, those regulations also do not mention law enforcement involvement. *See* 34 C.F.R. §§ 106.44–.45 (2024).